UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-80561-AMC



GLOBAL RESOURCES, INC.

Plaintiff(s)

v.

MARIO D. GERMAN LAW CENTER, P.A., NEXUS
CAPITAL MANAGEMENT, LLC. MARIO D. GERMAN and
MICHAEL J. KRANTZ

Defendant(s)

ANSWER

COMES NOW Defendant Nexus Capital Management, LLC who answers this Complaint brought by Plaintiff(s):

1.) Neither confirm or Deny. Defendant is unsure or not knowledgeable whether this is correct jurisdiction.

2.) Neither confirm or Deny. Defendant is unsure or not knowledgeable whether this is correct Venue of this matter.

3.) Defendant does not have definitive knowledge on the details of Plaintiff as Plaintiff Global Resources, Inc. is not my Client and do not necessarily have knowledge to confirm or admit to this information.

4.) Cannot confirm or deny as this Party is not me.

5.) I can confirm that I, Michael J. Krantz am the Managing Member of Nexus Capital Management, LLC. And that the information is essentially correct, the principal place of

1

1st Initial -     2nd Initial -     3rd Initial -                    PARTY A (Paymaster) -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

business has been moved to 1398 SW 16th Street, Boca Raton, FL 33486. But otherwise this information looks to be correct.

6.) Cannot Confirm or Deny.

7.) Confirmed

8.) Cannot comment on this allegation as Global Resource is not my Client and I do not have the knowledge or information to confirm this allegation.

9.) I cannot confirm this allegation as I was not involved in any of these negotiations and only received information in reference to business between my Clients and Global Resources from my Clients. I was not involved in any of the dealings or negotiations between my Clients and Global Resources other than the services I was hired to provide, namely to provide a secure method in which my Clients could receive their payments for the Purchase and Sale of items they were selling in the States and needing a secure receiving account to confirm their payments have been made to the Buyer and once received to forward said payments on as directed by them, my Clients. Therefore I am not, nor was I privy to any of these prior dealings between Global Resources and the Suppliers, my Clients. In addition, the Purchase Orders referenced in Exhibits 1, 2 & 3 to the best of my knowledge where not forwarded to me, and the Purchase Orders do not have any of my contact information and I was not privy to them. I was informed by my Clients that product had been ordered and they would need for me to collect the payments for said product and once paid inform them that payment had been made and they, My Clients would instruct me as to how to distribute said payments. I provided a secure Attorney Escrow Account in order to receive payment from Global Resources for the benefit of my Clients and for security reasons and for confirmation and clarity on the part of Global Resources, the Plaintiff I provided Plaintiff a Release to authorize the Attorney in receipt of the funds to release said payment, with the only holdback being the agreed to 2.5% fee and any and all nominal banking charges and fees. I paid the Attorney for the Escrow and Pay Mastering Services and the balance was fees for services rendered by Nexus Capital Management, LLC. Total fees received by Nexus Capital Management in reference to this matter amounted to approximately $1800. Once I had obtained the Release (Refer to Exhibits of the Releases in the Complaint) from the Plaintiff, Global Resources I provided them to the Attorney and the Law Firm, Mario D. German Law Center, P.A. hired to provide secured Escrow and Pay Mastering Services in referenced to these transactions, deal and this matter. Once the funds cleared and the release was executed and signed by the Plaintiff, Global Resources the funds where then transferred to

1st Initial -      2nd Initial -      3rd Initial -                          PARTY A (Paymaster) -

me to distribute according to the direction(s) of my Client or Clients. It was my Clients who were to direct the distribution of said payments, not the Plaintiff.

10.) Yes my Clients where located outside the United States and came to me explaining that they had business in the States and would need a secure Domestic Trust Account or Domestic Receiving account and a party to receive payments from parties in the US on their behalf and for their benefit. And that once the funds where received and fully credited and fully and freely transferable they would instruct me as to how and where and to who said funds where to be distributed to. I accepted the job from Three Clients and provided them with Escrow Agreements, (see Exhibits of Escrow Agreements in Complaint).

11.) Angely Quintero is not an Agent or a Representative of Nexus and has no authority from Nexus to act on its behalf. Nexus is not responsible for any representation made by Angely Quitero in reference to Nexus Capital Management. She would not be able to provide any contract or agency agreement between her or Nexus as it does not exist. Nexus takes no responsibilities for representation by Angela Quintero in reference to any business or matter of Nexus Capital Management.

12.) Nexus has no arrangement with Quintero, and it was made clear that Nexus total or gross fee for the Service TO ITS CLIENTS WAS 2.5%, clearly indicated in the Escrow Agreements Nexus had with its Clients. Nexus has no knowledge of what was said or not said, what was represented by Quintero or not in reference to Nexus.

13.) Cannot Confirm or Deny. There were several phone calls between Plaintiff and Nexus to discuss or clarify several of the points of the services that Nexus would be providing to its Clients. On those calls it was explained to Mr. Ramey (Plaintiff) what services I was providing to my Clients whereby he could make secure payments to be credited for purchases made with Parties that he was negotiating with.

14.) Neither Confirm or Deny the exact information communicated or exchanged in a phone conversation with a party that was not my Client.

15.) Yes there where Three Clients that I was providing services for that were dealing with Global Resources. All three signed an Escrow Agreement, (see Exhibit of Escrow Agreement in Complaint). Again Nexus was not negotiating or involved in the Dealings or Contracting between these Parties, but rather was strictly hired to provide Escrow and Payment services for its Three Clients, NOT GLOBAL RESOURCES.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

16.) Confirmed

17.) Confirmed

18.) Confirmed, Nexus had an existing Escrow Agreement with Mario D. German Law Center, P.A. in order to receive funds into its Attorney Trust Account, IOLTA. For the benefit of Nexus Capital Management and/or its Clients.

19.) Confirmed. In addition, the IOLTA was utilized to receive the funds from Plaintiff, Global Resources in order to secure and confirm to My Clients that the payment(s) were received and cleared and to provide security for BOTH My Clients and Plaintiff, Global Resources that the funds where going to a secure Trust Account that would require a release by the Remitter, Global Resources prior to further distribution. It should be NOTED and should be clear to Plaintiff and to this court that the Release was provided and required to be executed and Signed by the Plaintiff, Global Resources and Mr. Ramey in order to provide security that his funds would only be able to be released and paid out only AFTER he provided the AUTHORITY TO DO SO BY EXECUTING AND SIGNING THE RELEASE.

20.) Can neither Confirm or Deny the exact dates or amounts and I was not Privy to these notes in the transfers as it was not Nexus Capital Management accounts. However the Court will please take NOTE that these transfers took place over a period of time of four weeks, ample time in order for the Plaintiff to acknowledge or stop payments if the Suppliers were not performing. In addition, during this period of time there was no notice that the Plaintiff was not receiving product and I did NOT RECEIVE NOTICE AT THIS TIME FROM EITHER MY CLIENT OR PLAINTIFF that Plaintiff was not receiving product. Again, I was not involved in this aspect of the business as those dealings where between Plaintiff, Global Resources and the Suppliers.

NOTE: It stands to reason that if the payments where made over a period of approximately four weeks that Plaintiff would have stopped payments, OR AT LEAST NOT EXECUTE AND SIGNED THE RELEASES IF HE WAS NOT RECEIVING THE PRODUCT FROM SUPPLIERS.

21.) Neither Admitted or Denied

22.) Confirmed

1st Initial -    2nd Initial -    3rd Initial -                    PARTY A (Paymaster) -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

23.) Confirmed

24.) Confirmed

25.) Confirmed. It should be Noted that the Release was provided and required by Defendant, Nexus Capital Management. And it should be further noted that the release was to provide evidence that the Remitter was notified that the funds were received and now fully credited and authorizing the release of said funds to Nexus Capital Management to distribute at the direction of its Clients, The Suppliers.

26.) Assumed to be accurate

27.) Assumed to be accurate

28.) Assumed to be accurate

29.) Since Plaintiff is not my Client and certainly has no knowledge of the Instructions or Directions from Nexus Clients, The Suppliers the Plaintiff, Global Resources cannot make this assumption. IN FACT, Nexus distributed said Funds or Payments exactly as instructed by the Clients, The Suppliers. And Nexus paid the Law Firm of Mario D. German Law Center, P.A. a fee for the Escrow Services and retained a small fee for its services. Said total fee to Nexus amounted to approximately Eighteen Hundred US dollars ($1800) for all the services provided to all Three Clients.

30.) Denied

31.) Denied, my Clients, The Suppliers Instructed me and/or Directed me to distribute said funds to various parties and I transferred said funds as directed by My Clients, The Suppliers.

32.) It is clear in this Letter referred to in Exhibit 10 that Nexus Capital Management certainly did transfer funds as directed by its Client(s) as clearly evidenced in this Lettered in Exhibit 10 of the Complaint. Global Resources references and a declaration from one of My Clients, The Suppliers, Sandro admits receiving $17,000 and My Client, One of the Suppliers, Sandro states that only $4000 remained to be sent. This is clear evidence that My Clients were directing payments and transfers for Nexus Capital Management to make on their behalf and for their benefit.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

This is a clear contradiction of what the Plaintiff is accepting and a clear indication that Nexus was providing the Services their Client(s), The Supplier(s) had hired Nexus Capital Management to provide.

33.) I have no Knowledge of this communication and I do not have knowledge or belief that Mr. Camargo was an Agent of the Mario D. German Law Center, P.A. as I was never informed or notified that he was and since I was not on this call I cannot Confirm or Deny that it existed, or what was discussed on said call if it in fact existed, or took place. But what is clear from the evidence in Exhibit No.:12 is that it is not Nexus Capital Management account referenced their and Nexus would have no knowledge and in fact did not have any knowledge of these specific communications involving Mr. Camargo and Mr. Ramey as well as this supposed confirmation of a wire. And since Nexus was not a participant or has any knowledge concerning this supposed communication Nexus does not has the knowledge or ability to Confirm or Deny other than the fact that it is clear that it was not privy to any of it and if Mr. Camargo made any representations to Plaintiff on behalf of Nexus Capital Management and/or Mario D. German Law Center, P.A. they were NOT authorized by or from Nexus Capital Management or by me, Michael J. Krantz. And it is clear that it is NOT a Nexus Capital Management account that the supposed wire transfer was made from and that Nexus had no knowledge or notice that it was made or represented to be made.

34.) Since Nexus was not a party to the supposed call and is not Privy to what was said or communicated it cannot Confirm or Deny this allegation. HOWEVER, again it is clear that Plaintiff was required to execute and sign a Release therefore affording the Plaintiff, Global Resources the ability to not release funds if there were any problems. So it stands to reason that since Plaintiff, Global Resources did provide the Releases OVER A PERIOD OF FOUR WEEKS TIME, ample time to determine that the Suppliers were not performing and that he should no longer be continue payments for services and/or goods he was unsatisfied with or not receiving. THIS ACTION SPEAKS FOR ITSELF.

35.) Plaintiff was NOT Nexus Capital Management Client. He had been informed by myself as well as Mr. Mario German that he authorized the releases of the funds and that those funds where already distributed according to the instructions or directions of Nexus Clients, The Suppliers.

NOTE: When Plaintiff could not get refunds by Nexus or German Law Center he attempted to dispute his charges with his Credit Facility, Company or Credit Card Company, Plastique. However, Plastique did an investigation into such complaint and allegations and to

6

1st Initial -        2nd Initial -        3rd Initial -                              PARTY A (Paymaster) -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

the best of my Knowledge provided copies or evidence of his Executed and Signed Releases of these funds I believe Plastique, the Credit Card, or Credit facility company denied the refunds or return of his charges.

It should be clear to this court that it is likely that Plaintiff either intended to simply demand refund of his payments with the intent to keep the goods received by My Clients, the Suppliers, since they were not in the country to effectively defend or dispute, or he was not satisfied with the goods and was unable to get relief from The Suppliers, of which he negotiated the deals with and attempting to collect from Nexus Capital and/or the other Defendant(s).

36.) Cannot confirm or deny. But as represented above I had and have no knowledge that Mr. Joseph Camargo is or was an Agent or had authority to act on behalf of German Law Center, P.A. And Neither myself or Nexus Capital are or was privy or a participant of any of these supposed conversations or communications and/or representations by Mr. Camargo to Plaintiff, Global Resources.

37.) Denied. Plaintiff obviously delayed in pursuing any legal remedy until this time as he was busy trying to dispute the charges to his Credit Provider, Plastique along with making unjust, unwarranted unknowledgeable claims on Nexus Capital Management and/or the other named Defendant(s).

38.) Denied

39.) Generally Denied as Nexus Capital Management has and had no knowledge of this case. And have no knowledge of the circumstances to this AND it is not Nexus Capital Management suit.

40.) Generally Denied, as Nexus has no knowledge on matter.

41.) <u>General Denial of CLAIM I</u>

42.) General Denial

43.) Denied. Nexus Capital Management did not Induce Plaintiff to Transfer any Payments or Funds. IN FACT, AND NOW COMES DEFENDANT NEXUS CAPITAL MANAGEMENT and informs the Court and the Plaintiff together with its Counsel that Nexus Capital Management along with all Defendants in this Matter REQUIRED Defendant to Execute

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

and Sign a RELEASE (see EXHIBITS OF RELEASES in Complaint) after being notified by Defendant(s) that the Funds had been received and credited in the Attorney Escrow IOLTA Account. This was instituted to protect BOTH Parties, The Plaintiff, Global Resources and My Client(s), The Suppliers. The Plaintiff had made a great number of Transfers over a period of approximately Four Weeks, all transfers were REQUIRED to have Plaintiff EXECUTE AND SIGN THE RELEASE prior to distributing Funds at the instructions or directions of My Client(s), The Suppliers which Defendant(s) followed. (see EXHIBITs in Complaint of THE RELEASES and the Schedule of Transfers on Pages 5 &6 of the Complaint). The Court will notice that there were Eight (8) transfers made by Plaintiff over approximately Four Weeks period of time, much more time than any Buyer would need to assess the purchases, and ample time and opportunity to stop payments long before the nearly 10 months ago that Plaintiff made the first of these Payments, particularly in light of the fact that it was in the control of the Plaintiff to release the funds for payments. In addition, I want to point out and inform the Court that after Plaintiff made all the Payments and Released all the Payments it was some time after that he complained of the deal and attempted to dispute his charges with his Credit Facility or Credit Card Company, Plastique. The Defendant(s) cooperated with Plastique and it is my understanding or to the best of my knowledge that Plastique after receiving notification of the Releases executed and signed by The Plaintiff, Global Resources, THEIR CLIENT along with other information provided to Plastique by Defendant(s) that Plastique denied the refund and the dispute by their Client, The Plaintiff, Global Resources.

44.)-48.) General Denial

WHEREFORE, Defendant(s), Nexus Capital Management and Michael Krantz has provided truthful answers and responses and truthful information in response to the Plaintiffs unwarranted and untruthful Complaint and thus ask this honorable Court to dismiss this case.

49.)-53.) General Denial of CLAIM II

WHEREFORE, Defendant(s), Nexus Capital Management and Michael Krantz has provided truthful answers and responses and truthful information in response to this Plaintiffs unwarranted and untruthful Complaint and thus ask this honorable Court to dismiss this case.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

54.)-59.) General Denial of CLAIM III

WHEREFORE, Defendant(s), Nexus Capital Management and Michael Krantz has provided truthful answers and responses and truthful information in response to this Plaintiffs unwarranted and untruthful Complaint and thus ask this honorable Court to dismiss this case.

60.)-68.) General Denial of CLAIM IV

WHEREFORE, Defendant(s) Nexus Capital Management and Michael Krantz has provided truthful answers and responses and truthful information in responses to this Plaintiffs unwarranted and untruthful Complaint and thus ask this honorable Court to dismiss this case.

69.)-75.) General Denial of CLAIM V

WHEREFORE, Defendant(s) Nexus Capital Management and Michael Krantz has provided truthful answers and responses and truthful information in responses to this Plaintiffs unwarranted and untruthful Complaint and thus ask this honorable Court to dismiss this case.

76.)-84.) General Denial of CLAIM VI

WHEREFORE, Defendant(s) Nexus Capital Management and Michael Krantz has provided truthful answers and responses and truthful information in responses to this Plaintiffs unwarranted and untruthful Complaint and thus ask this honorable Court to dismiss this case.

85.)-89.) General Denial of CLAIM VII

WHEREFORE, Defendant(s) Nexus Capital Management and Michael Krantz has provided truthful answers and responses and truthful information in responses to this Plaintiffs unwarranted and untruthful Complaint and thus ask this honorable Court to dismiss this case.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Respectfully submitted this 22nd day of April, 2021.

NEXUS CAPITAL MANAGEMENT, LLC

*Michael J. Krantz*
Michael J. Krantz
1398 SW 16th Street
Boca Raton, FL 33486
561-289-1717
E-mail: mike KRANTZ @ MSN. com
Representing Defendant(s) Nexus and Himself "Pro se"

email; mikeKRANTZ @ MSN. Com
       561.289.1717
       for NExus CAPITAL MANAGEMENT, LCC

1398 16th Street, Boca Raton Fl 33486

Phone: 1-561-289-1717

**Date: April 22, 2021**                                    CASE NO.: 21-CV-80561-AMC

Dear Clerk for The UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA ,

Attached please find Answer to the Complaint filed on above noted case. I am representing myself Pro se and was not aware that I would not be able to file this document with the Court electronically, especially given restricted hours of the Court, which too I was not aware of. When I did discover that the filing could not be done electronically by me in defending myself and my Company I went to go to the Courthouse to file personally but the Court hours were reduced and I wasn't able to get there while it was open. Therefore I mailed the documents to the above address that I was instructed to mail it to. In addition, I emailed my Answer to the Opposing Counsel for the Plaintiff on April 22, 2021

Please contact me if I can be of any further assistance in this case and this matter.

Respectfully,

Michael J. Krantz

For Defendant(s); **NEXUS CAPITAL MANAGEMENT & MICHAEL J. KRANTZ**

*[signature]*

**Michael Krantz (President/Managing Member)**
**NEXUS CAPITAL MANAGEMENT**
**1398 SW 16th Street, Boca Raton, FL 33486**
**561-289-1717**
**E-mail:** mikekrantz@msn.com

*Note to Clerk, Sorry for bad copies, been working from home, Printer low.*








PRESS FIRMLY TO SEAL

**PRIORITY MAIL EXPRESS®**

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006
EP13F May 2020
OD: 12 1/2 x 9 1/2

UNITED STATES POSTAL SERVICE® — PRIORITY MAIL EXPRESS®

EJ 689 926 046 US

CUSTOMER USE ONLY
FROM: (PLEASE PRINT) PHONE ( )
NEXUS CAPITAL MGMT.
1398 SW 16th Street
Boca Raton, FL 33486
Michael J. KRANTZ

DELIVERY OPTIONS (Customer Use Only)
☒ SIGNATURE REQUIRED

TO: (PLEASE PRINT) PHONE ( 561 ) 803 3400
US District Court for the
Southern District of Florida
701 Clematis Street Rm. 202
WPB, FL 33401
ZIP+4: 33401-____

$100.00 Insurance Included. Clerks Office

PEEL FROM THIS CORNER

PO ZIP Code: 33432
Scheduled Delivery Date: 4/23/21
Postage: $26.35
Date Accepted: 4/22/21
Time Accepted: 4:20 PM
Total Postage & Fees: 26.35

UNITED STATES POSTAL SERVICE