UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:21-cv-80561 AMC

GLOBAL RESOURCE, INC.

    Plaintiff,

vs.

MARIO D. GERMAN LAW CENTER, P.A.,
NEXUS CAPITAL MANAGEMENT, LLC,
MARIO D GERMAN, and MICHAEL J. KRANTZ

    Defendants
_____/

## DEFENDANTS' ORIGINAL ANSWER

    Mario D. German and Mario D German Law center, P.A., file this Original Answer and answer as follows:

### DENIALS AND ADMISSIONS

1. Defendants admit the following allegations of the Complaint: 1,2,4,5,6,7,15,18 (only as to Account 4048),20,21,22,23,24,25,26,27,28,44,46,56,63,70,77.

2. Defendants deny the following allegations of the Complaint: 13 (as to Camargo acting as agent for German Law Center) 29,30,31, 33 ((as to Camargo acting as agent for German Law Center), 34,37,38,39,40,41,42,43,45,46,47 (as to demand made on German) 49,50,51,52,53,54,55,60,61,62,63,64,65,66,67 (as to German and German Law Center) 68 (as to German and German Law Center), 69 ,72 ,73,74,75,76,79, 80,81,83,84,85,86 (as to German and German Law Center retaining money for their benefit) 87, 88 and 89.

3. Defendants do not have sufficient knowledge to form a belief as to the truth of the remainder of the allegations in the Complaint, and therefore deny same and demand strict proof.

### AFFIRMATIVE DEFENSES

4. German Law Center has never authorized, retained or employed Joseph J.

Camargo ("Camargo"), a non-lawyer, to act as an agent for the law firm. As a matter of fact German has never met nor spoken to Camargo for this transaction in question or any other transaction(s). German nor German Law Center were never involved in any of the conversations nor copied with any correspondence, if any, between the Plaintiff, other Defendants and Camargo.

5. The complaint should be dismissed because it fails to bring an indispensable party, Camargo. Plaintiff's complaint alleges throughout its complaint that Camargo was involved in the transactions and even took steps to "transparent stalling tactics" in order to "concealed what happen to the Plaintiff's money. "The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of the suit, must be made parties either as complainants or defendants, so that a complete decree may be binding upon all parties. The Fourth District elaborated on this rule in *Phillips v. Choate,* 456 So.2d 556, 557 (Fla. 4th DCA 1984) (quoting *Shields v. Barrow,* 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158 (1855)), where it defined an indispensable party as one whose interest in the controversy is of `such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

6. Defendants, German and German Law Center are perplexed as how they can be made a party to the present lawsuit. Plaintiff merely makes conclusory allegations that Camargo, a non-lawyer, was acting as an agent for German Law Center. Defendants are not sure whether this is an assumption or a mere legal conclusions by the Plaintiff as German was never privity to the alleged conversations between Plaintiff and Camargo. Or Plaintiff, Camargo and the other Defendants.

7. German and German Law Center were retained by Nexus to act as an escrow agent for the business transaction in question. German was compensated $2,500.00 by Nexus to receive funds and to distribute said funds upon releases being executed by the sender of the wire(s). German and German Law Center did receive executed releases by Plaintiff and wired moneys out of its trust account as directed. At no time German or German Law Center retained or converted to their own use the funds in questions.

8. As Plaintiff correctly states in Paragraph 25 of its complaint the release that the Plaintiff signed to authorize the release of moneys states that "all liability and or responsibility

on the part of Mario D German Law Center, P.A. and/or Mario D. German … is completely released without limitations and prejudice." Therefore, the Plaintiff has failed to state a cause of action against German and German Law Center because Plaintiff signed a general release releasing said defendants from any liability in acting as an escrow agent.

9. The cause of action of Plaintiff is barred by contributory negligence, or, alternatively, the recovery of damages by Plaintiff should be diminished through comparative negligence by such contributory negligence.  Plaintiff failed to use reasonable care. Plaintiff signed multiple releases authorizing the release of funds. German or German Law Center were not involved in the structing or negotiation on how the transaction was to be conducted. Said Defendants were acting as escrow agent and relied on said releases to release the funds. Furthermore, said Defendants relied on instructions on where to wire the funds.

**WHEREFORE**, Defendants request that Plaintiff take nothing by the Complaint filed by Plaintiff and that Defendants be granted such other and further relief that the court may deem proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT** on May 1, 202, that I electronically filed the foregoing document with the Clerk of Court using CM/ECF to Aaron M. Cohen, Esq. at acohn@wwhgd.com; and Scott L. Silver, Esq., Lssilver@silverlaw.com attorneys for Plaintiff.

/s/
Mario D. German, Esq.
Attorney for Defendants
Florida Bar Number: 949371
MARIO D GERMAN LAW CENTER, P.A.
Fifth Ave Place
55 NE 5th Ave. Suite 400
BOCA RATON, FL  33432
Telephone: (561) 417-4993
Fax: (888) 323-0494
E-Mail: notices@mdglawoffice.com

Secondary E-Mail: mdg@mdglawoffice.com